## City of Boston *vs.* Inhabitants of Amesbury.

Under the Rev. Sts. *c.* 143, §§ 15, 16, which provide that the expense of supporting a pauper in a house of correction " may be recovered of the town wherein he shall have his lawful settlement," the town, in which he has a settlement at the time when such expense is incurred, is liable therefor, although he gains a settlement in another town before the account of such expense is audited and certified by the overseers of such house.

The persons and corporations that are made conditionally liable, by the Rev. Sts. *c.* 143, §§ 15, 16, for the support of persons committed to a house of correction, cannot be held to pay for such support, unless the account thereof be audited and certified by the overseers of such house, within the time prescribed by those statutes.

Where a pauper was confined in a house of correction, from December 1836 to April 1837, and the account of the expense of his support was not audited and certified by the overseers, until January 1839, it was held, that the town in which he had his settlement was not liable for such support.

INBEBITATUS ASSUMPSIT to recover $ 65·36, expended by the plaintiffs for the support of Samuel W. Bickham, and Lydia his wife, paupers, in the house of correction in the city of Boston.

The case was submitted to the court, on the following facts agreed : Said Bickham and wife formerly had a settlement in Amesbury : They were confined in said house of correction, by legal authority ; viz. said Samuel from December 2d 1836 to April 2d 1837, and from June 23d 1838 to November 23d 1838 ; and said Lydia, from June 23d 1838 to September 23d ˙838 : They received the supplies, charged by the plaintiffs and the accounts of the master of said house, for said supplies, were audited, allowed and certified, by the overseers of said house, on the 21st of January 1839, as follows :

City of Boston *v.* Inhabitants of Amesbury.

Town of Amesbury to City of Boston                                Dr.

| Committed. | Names. | Discharged. | Weeks. | |
|---|---|---|---|---|
| 1836, Dec. 2, | Samuel W. Bickham, | 1837, April 2, | 17·2 | |
| 1838, June 23, | Samuel W. Bickham, | 1838, Nov. 23, | 21·6 | |
| "    " | Lydia Bickham, | "    Sept. 23, | 13·1 | |

At $1·25 per week, . . . . . 52·2   $65.36
By labor of above, . . . . . .    00·00

Office of Overseers of House of Correction. Boston January 21, 1839.
  Examined the above account and allowed the same.

LUTHER FAULKNER,    WM. T. ANDREWS, } Overseers of House
DANIEL HASTINGS,    BILLINGS BRIGGS. }   of Correction.

Said Samuel W. had resided in Boston ever since the year 1818, and taxes had been assessed on him there for the years 1824 and 1828, and for the years 1830, 1831, 1832, 1833, 1834, and 1836. He paid the tax for 1824, on the 8th of June 1837 ; and on the 17th of January 1839, he paid the taxes for the other years, by money lent to him by an inhabitant of Amesbury.

The defendants had notice of the claims upon which this action is brought, and payment thereof was demanded, in writing, of the overseers of the poor of Amesbury, on the 30th of January 1839. This action was commenced March 4th 1839.

On these facts, judgment was rendered for the plaintiffs, in the court of common pleas, for the whole of their said claim ; and the defendants appealed to this court.

By the Rev. Sts. *c.* 143, § 15, "the overseers of each house of correction shall, on application of the master or keeper thereof, twice in each year, and oftener if they shall think necessary, examine and audit his accounts for the care and expense of supporting and supplying the persons committed to his custody ; they shall certify what sum is due for the supporting and employing of each of said persons, after deducting the net profit, if any, of his labor," &c. By § 16, "whenever the said overseers shall certify that any sum is due as aforesaid, for supporting and employing in the house of correction any person who has not sufficient estate to pay the same, if such pauper have no parent, master or kindred, liable by law to maintain him, the same may be demanded and recovered of the town wherein he shall have his lawful settlement, and upon refusal or neglect to make pay-

ment, for the space of thirty days after the same shall have been demanded, in writing, of any overseer of the poor of the town liable by law therefor, the said master or keeper, at any time within two years after his account shall have been so certified, and not afterwards, may commence and maintain his action at law for the same : Provided, that *the city of Boston* shall be entitled to the same remedies for maintaining any person in the house of correction in said city, which are provided for the masters or keepers of houses of correction."

*Cross*, for the defendants.

*E. G. Austin*, (City Attorney,) for the plaintiffs.

DEWEY, J. If Samuel W. Bickham and wife acquired a legal settlement in Boston, it was under *St.* 1793, *c.* 34, § 2, clause 12th, which provided that a citizen should gain a settlement by a residence for the space of ten years together, and by payment of all state, county or town taxes, duly assessed on his poll or estate, for any five years within said time. The expenses now sued for were all incurred prior to November 23d 1838, at which period it is not contended that there had been any such payment of taxes as said statute required ; so that if the right of the plaintiffs to recover depends upon the place of legal settlement of the paupers, at the time of the incurring of the expense for their support and maintenance, the case is a very clear one in favor of the plaintiffs.

But it is contended by the defendants, that their liability for the support of paupers in a house of correction is of a peculiar character, and that the demand arises only after an auditing of the accounts of the master of the house, and a certificate, by the overseers, of such auditing, and of the amount due from the party liable for the maintenance of such paupers, and a notice thereof to such party ; and that the question of legal settlement of the paupers is to be referred to the time when the accounts are audited and certified. It is then said, that the facts stated show an inchoate right of Bickham to acquire and perfect a legal settlement in Boston, which, if effected before the accounts for the expenses, which are sued for, were audited and certified, will operate to defeat the right of the plaintiffs to recover in this action.

It is true, that at the time when these accounts were audited and certified, the paupers had, by a recent payment of taxes for seven years, by Samuel W. Bickham, acquired their legal settlement in Boston. Can this state of things so change the relation of these parties, as to discharge the defendants from liability for expenses incurred in supporting the paupers while their settlement was in Amesbury ? It seems to us, that the natural and proper construction of the statute is, that the liability is to be determined by the place of the paupers' settlement at the time when the expense for their support is incurred, and not by the place of their settlement at the time of auditing and certifying the accounts of such expense. To sustain the contrary doctrine would be to hold that a town, not originally liable to maintain the paupers during any part of the time in which the expenses were incurred, might yet be charged subsequently for those expenses, if, during a future period — that is, if during the next succeeding six months, and before the certifying of the amount of such expense, by the overseers of the house of correction — they had, in any manner, acquired a settlement in such .town. Such a construction would be unreasonable, and contrary to the general principle upon which such liability rests ; and we cannot sanction it.

An objection of a different character is taken to the recovery of a part of these expenses ; to wit, that accounts for the support of paupers in houses of correction are required by law to be audited and certified by the overseers of such houses, at least twice in each year. Rev. Sts. c. 143, § 15. This objection seems to be well taken, in point of fact, and sustained by the statute provisions. It was intended to require an early auditing of the accounts, to insure accuracy in their details. The omission to audit and certify the accounts, within the period required by law, is a material omission in another point of view. It protracts indefinitely the period of liability on the part of the town in which the pauper has a settlement ; the right of action being limited, by the statute, to two years after the account shall have been certified by the overseers. The statute doubtless intended a limitation of claims of this nature, of a term much

24*

less than that prescribed by the general statute of limitations. But this intention may be entirely defeated, if the auditing and certifying of them may be indefinitely postponed.

The result is, therefore, that the plaintiffs are entitled to recover so much only of their demand, as was duly audited and certified according to the directions of the statute. The claim for the support, which was furnished from December 1836 to April 1837, cannot be recovered.